```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  KRISTIN S. DOOR, SBN 84307
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone:  (916) 554-2723

 5  Attorney for Plaintiff

 6

 7

 8              IN THE UNITED STATES DISTRICT COURT

 9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,        )   2:06-CV-02788-FCD-KJM
                                     )
12             Plaintiff,            )   FINAL JUDGMENT OF
                                     )   FORFEITURE
13       v.                          )
                                     )
14  APPROXIMATELY $2,274.34 IN U.S.  )
    CURRENCY SEIZED FROM IRONSTONE   )
15  BANK ACCOUNT NO. 9260036828, HELD)
    IN THE NAME OF 7600 71ST AVE LLC,)
16                                   )
    APPROXIMATELY $73.64 IN U.S.     )
17  CURRENCY SEIZED FROM IRONSTONE   )
    BANK ACCOUNT NO. 9260036799, HELD)
18  IN THE NAME OF SUNRISE TOBACCO,  )
                                     )
19  APPROXIMATELY $150.00 IN U.S.    )
    CURRENCY,                        )
20                                   )
    APPROXIMATELY $640.00 IN U.S.    )
21  CURRENCY,                        )
                                     )
22  APPROXIMATELY $1,542.00 IN U.S.  )
    CURRENCY,                        )
23                                   )
    APPROXIMATELY $2,920.00 IN U.S.  )
24  CURRENCY,                        )
                                     )
25  APPROXIMATELY $4,000.00 IN U.S.  )
    CURRENCY,                        )
26                                   )
    APPROXIMATELY $2,600.00 IN U.S.  )
27  CURRENCY,                        )

28                            1
```

```
APPROXIMATELY $3,206.00 IN U.S.      )
CURRENCY, AND                        )
                                     )
2006 LAND ROVER RANGE ROVER,         )
VIN: SALME15496A210189, ARIZONA      )
LICENSE NO. LVMIRVR, REGISTERED TO   )
AKRUM ALRAHIB,                       )
                                     )
          Defendants.                )
_____)
```

Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

1. This is a civil forfeiture action against the above-captioned assets seized on October 17, 2006, by the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF").

2. A Complaint for Forfeiture In Rem (hereafter "Complaint") was filed on or about December 8, 2006, seeking the forfeiture of the defendant assets, alleging that said assets are subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

3. On or about December 8, 2006, the Clerk issued a Warrant for Arrest of Articles In Rem for the defendant assets, and that warrant was duly executed on December 21, 2006, and January 4, 2007.

4. On or about December 18, 2006, copies of the Complaint, Arrest Warrant, Application and Order for Publication, Notice of Related Cases, Related Case Order, and court notices were served on Akrum Alrahib's attorney Quin Denvir and Elaine Alrahib's attorney Clyde Blackmon, by certified mail. The above-listed documents were also served on JP Morgan Chase Bank, N.A. ("Chase") by certified mail on or about January 3, 2007. The above-listed documents were

2

1  personally served on Elaine Alrahib on January 3, 2007, and left at
2  the residence of claimant Akrum Alrahib on January 6, 2007.
3        5.   On or about February 8, 15, and 22, 2007, a Public Notice
4  of Arrest of the defendant assets appeared by publication in the
5  <u>Arizona Business Gazette</u>, a newspaper of general circulation in the
6  county in which the defendant assets were seized (Maricopa).  The
7  Proof of Publication was filed with the Court on March 23, 2007.
8        6.   Claimants Akrum Alrahib, 7600 71st Avenue, L.L.C., and
9  Sunrise Tobacco, Inc. filed a verified claim to all of the
10 defendant assets on January 19, 2007.  Claimant Chase filed a
11 verified claim to the defendant 2006 Land Rover Range Rover, VIN:
12 SALME15496A210189, Arizona License No. LVMIRVR on or about January
13 31, 2007.  A Clerk's Certificate of Entry of Default was filed on
14 April 5, 2007, against Elaine Alrahib.  No other parties have filed
15 claims or answers in this matter, and the time for which any person
16 or entity may file a claim and answer has expired.
17       7.   Claimant Akrum Alrahib represents and warrants that he is
18 the sole owner of the defendant assets.
19       Based on the above findings, and the files and records of the
20 Court, it is hereby ORDERED AND ADJUDGED:
21       1.   The Court adopts the Stipulation for Final Judgment of
22 Forfeiture entered into by and between the parties to this action.
23       2.   Judgment is hereby entered against claimants Akrum
24 Alrahib, 7600 71st Avenue, L.L.C., Sunrise Tobacco, Inc., Chase, and
25 potential claimant Elaine Alrahib, and all other potential
26 claimants who have not filed claims in this action.
27       3.   The following defendant assets shall be forfeited to the
28                                    3

1  United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and
2  981(a)(1)(C), to be disposed of according to law:
3          a.  Approximately $2,274.34 in U.S. currency seized from IronStone Bank Account No. 9260036828, held in the name
4          of 7600 71st Ave LLC,
5          b.  Approximately $73.64 in U.S. currency seized from IronStone Bank Account No. 9260036799, held
6          in the name of Sunrise Tobacco,
7          c.  Approximately $150.00 in U.S. currency,
8          d.  Approximately $640.00 in U.S. currency,
9          e.  Approximately $1,542.00 in U.S. currency,
10         f.  Approximately $2,920.00 in U.S. currency,
11         g.  Approximately $4,000.00 in U.S. currency,
12         h.  Approximately $2,600.00 in U.S. currency,
13         i.  Approximately $3,206.00 in U.S. currency, and
14         j. 2006 Land Rover Range Rover, VIN: SALME15496A210189, Arizona License No. LVMIRVR, registered to Akrum Alrahib.
15
16     4.  The United States acknowledges that Chase has an
17 outstanding lien on the defendant 2006 Land Rover Range Rover in
18 the principal amount of $20,294.39.  Upon entry of this Final
19 Judgment of Forfeiture forfeiting to the United States all right,
20 title, and interest in the defendant 2006 Land Rover Range Rover,
21 and upon the sale of the defendant vehicle, the United States shall
22 pay claimant Chase from the proceeds of the sale, the following:
23         a.  All unpaid principal due to Chase in
24         the amount of $20,294.39 as of November 7,
25         2007.
26         b.  All unpaid interest under the contract
27         with a rate of $3.33 per diem from
28

1  November 7, 2007, until the date of
2  payment.
3  c.  Reasonable attorneys fees not to
4  exceed $500.

5. The payment to Chase shall be in full settlement and satisfaction of any and all claims by Chase to the defendant vehicle arrested by the United States on or about January 4, 2007, and all claims resulting from the incidents or circumstances giving rise to this forfeiture action.

6. Before accepting an offer to purchase the defendant vehicle for a price that is less than what would be required to ensure payment in full to Chase, ATF will notify Chase and give Chase an opportunity to commence within 30 days of delivery of such notification the foreclosure of Chase's security interest in the defendant vehicle, through judicial or non-judicial foreclosure according to acceptable state law.  So long as Chase timely commences and diligently pursues any such foreclosure proceeding to its conclusion, the United States Attorney's Office will seek authorization from this Court, if necessary, to permit Chase to complete the foreclosure of its security interest on the defendant vehicle.  Any proceeds realized form the sale in excess of the amount owed to Chase shall be paid to the United States and forfeited in lieu of the defendant vehicle.

7. Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the arrest,

5

seizure or forfeiture of the defendant assets.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said arrest, seizure or forfeiture, as well as to those now known or disclosed.  The parties waive the provisions of California Civil Code § 1542.

8. Claimant Akrum Alrahib waives any and all claim or right to interest that may have accrued on the above-listed defendant currency.

9. Without admitting that the defendant assets are proceeds of mail and wire fraud violations, claimant Akrum Alrahib stipulates that there was reasonable cause for the seizure and arrest of the defendant assets and that the Court may enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

10. All parties will bear their own costs and attorneys' fees, except as provided herein.

SO ORDERED THIS 11th day of FEBRUARY, 2008.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

6

## CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, and the allegations set forth in the Complaint for Forfeiture <u>In</u> <u>Rem</u> filed December 8, 2006, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure and arrest of the defendant assets.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE